Opinion of the Court.

---

PRESIDING JUDGE OF WASHINGTON COUNTY COURT *v.* THE CUM-
BERLAND & OHIO RAILROAD COMPANY.

**Statutes—Legislative Acts—Constitutionality Presumed—Facts Not Ap-
pearing Must be Distinctly Charged—Facts Proven by Journal.**

Everything is to be presumed in favor of the constitutionality of
an act of the legislature, and the party attacking it must aver and
prove every fact necessary to establish the position he assumes.

The courts will take notice of the contents of the legislative jour-
nals for the purpose of determining the truth or falsity of any alle-
gation of fact, but they will not examine the journals for the purpose
of ascertaining facts, to rebut the presumption of the constitutionality
of an act, unless the party complaining alleges the existence of such
fact.

### RESPONSE TO PETITION FOR REHEARING.

RESPONSE WRITTEN BY JUDGE LINDSAY:

The first paragraph of appellants' answer admits that there
is, upon the statute book, an act incorporating the Cumberland
and Ohio Railroad company, but says that such act is void, be-
cause the provisions of Art. 2, Section 40 of the State Constitu-
tion were not complied in the passage thereof.

Ordinarily said section can not be made to apply to an act
incorporating a railroad company. It is confined in its appli-
cation to acts or resolutions for the appropriation of money,
or the creation of debts. The incorporation of a railroad company
does not necessarily involve either of these things.

If it be conceded that one or more of the provision of sections
of the act in question, involves in the constitutional sense (a
conclusion which we are not to be understood as making), either
the appropriation of money or the creation of a debt, it by no
means follows that the entire act is unconstitutional and void,
because it was not voted for by a majority of all the members
then elected to each branch of the general assembly and the
yeas and nays entered on the journal. The appropriation of
money or the creation of a debt might be void and still the act,
in so far as it incorporated a railroad company, would be valid
in every other particular. Appellant, however, claims that the
entire act is void, and from that conclusion draws the further
deduction that the appellee is neither authorized to construct

a railroad through Washington county, nor to receive subscriptions of stock from that county.

The conclusion and the deduction drawn therefrom are both unauthorized by any fact stated.

Everything is to be presumed in favor of the constitutionality of an act of the legislature, and the party attacking it must, in a case like the present, aver and prove every fact necessary to establish the position he assumes.

If any of the provisions of the act of incorporation under which appellee is proceeding are unconstitutional by reason of anything not appearing upon the face of the act itself.

The facts not so appearing must be distinctly charged. If the journals of the general assembly establish the existence of such facts, they need not be proved, as the courts will take notice of the contents of these journals for the purpose of determining the truth or falsity of any allegations of fact, upon which they are called upon to pass, but as they will presume that every act found upon the statute books has been constitutionally passed, they will not examine the journals for the purpose of ascertaining facts, to rebut this presumption unless the party complaining alleges the existence of such facts. After a second examination of the question we are still satisfied that the demurrer to the paragraph was properly sustained.

The judge of the Shelby county court acted judicially in deciding that the railroad company had complied with the conditions imposed when the question of subscription was submitted to the voters of Shelby county, and ministerially in making the subscription.

In this distinction we observe no inconsistency will be found to exist between the opinions of this court in this and the Shelby county case.

The case of *Wright vs. Shelby County*, 16th B. Monroe, 4, is an authority against the positions assumed by appellant. The doctrine of that case is that the organization of a corporation cannot be attacked collaterally.

The petition in this case must be overruled.